MEAD v. BELL.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

APPEAL—VERDICT—EVIDENCE—EXCEPTIONS.

In an action for the price of goods sold and delivered under a written agreement alleged to have been executed by defendant, the execution of which was denied, a verdict for plaintiff in accordance with the weight of the evidence in such regard will not be disturbed where there was evi-

dence that defendant acquiesced in the delivery of such property in pursuance of the agreement in question, and where defendant's exceptions present no prejudicial error requiring interference with such verdict.

Appeal from Cayuga county court.

Action by George N. Mead against Anna M. Bell. From a judgment in favor of plaintiff, and from an order refusing a new trial on the minutes, defendant appeals. Affirmed.

The action was commenced in justice's court, and was retried in the county court, before a jury. The complaint alleges that the plaintiff "agreed with the defendant to sell her, and did sell her, a large amount and number of fruit trees, vines, and chestnuts, at prices therein agreed upon, at the agreed prices, and at the value of one hundred and twelve dollars ($112); that the same were to be delivered by the plaintiff in the fall of 1897, and that the defendant was to pay the plaintiff for the same at said prices and said amount; that the plaintiff thereupon did furnish, and delivered to the defendant, at her instance and request, at her residence in the town of Fleming, the said trees and vines, whereupon the defendant became indebted to the plaintiff in the said sum of one hundred and twelve dollars ($112)." The answer contained a general denial, and averred that "more than four weeks before said delivery defendant informed plaintiff that she did not want said fruit trees, and canceled any order given for the same." There is no defense of the statute of frauds alleged in the answer. Porter v. Wormser, 94 N. Y. 450.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

W. H. Burby, for appellant.
Wright & Cushing, for respondent.

HARDIN, P. J. Upon the trial there was a dispute as to whether the defendant executed the agreement which was produced by the plaintiff at the trial. There was positive evidence given by the plaintiff, as a witness, and by the justice of the peace before whom the cause was tried, to the effect that the defendant executed the agreement in question. Although, upon the trial now under review, the defendant denied the execution of the agreement, the question of fact was submitted to the jury as to whether or not she had executed the agreement, and the verdict was in favor of the position taken by the plaintiff that the defendant executed the agreement for the articles mentioned in it. The verdict seems to be in accordance with the weight of the evidence in that regard. The articles mentioned in the agreement were delivered to the defendant upon her premises in the town of Fleming. The agreement provided for the delivery to be made in October or November, 1897. The delivery was made in accordance with the stipulation of the agreement. It contained a provision on the part of the defendant that she would pay on delivery $112 in cash. Her signature was below the clause agreeing to make the payment as stated. We think no question was raised at the trial which calls upon us to consider the statute of frauds, as it has no bearing upon the case in hand. There was some evidence upon which the jury might have found that she acquiesced in the delivery of the property in pursuance of the agreement. See folio

32. It is not perceived that the exceptions taken during the progress of the trial present any prejudicial error requiring us to interfere with the verdict.

Judgment and order affirmed, with costs. All concur.